JOSEPH P. RUSSONIELLO
United States Attorney
PATRICK S. BUPARA
Chief, Civil Division
ESTHER Z. HIRSH
Assistant United States Attorney

450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 556-2341

Attorneys for Plaintiff



IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ANDREW LOZANO, JR.,<br><br>　　　　　　Defendant. | )<br>)<br>) No. C85 1720 M<br>)<br>)<br>)<br>) C O M P L A I N T<br>) (Government Collection -<br>) Student Loan Case)<br>) |

　　　　Plaintiff complains of defendant and for cause of action avers:

　　　　　　　　　　　　　　I

　　　　Plaintiff is the United States of America and defendant Andrew Lozano, Jr. resides within the territorial jurisdiction of this Court. Jurisdiction is also conferred upon this Court under Title 28 U.S.C. § 1345.

　　　　　　　　　　　　　　II

　　　　On or about September 29, 1972, March 30, 1973, September 12, 1973, February 14, 1974, January 23 1975, August 27, 1975, December 18, 1975, December 31, 1975, December 31, 1975,

September 1, 1976, and December 31, 1976, the defendant Andrew Lozano, Jr., for valuable consideration, executed and delivered to the Creighton University, Omaha, Nebraska, written promissory notes in the principal sums of $1,500.00, $1,000.00, $1,500.00, $1,000.00, $2,000.00, $1,000.00, $250.00, $1,000.00, $250.00, $250.00, and $250.00 with interest at 7% per annum, copies of which are attached hereto as Exhibit "A".

III

Said notes were insured under the Federally Insured Loan Program by the Department of Health, Education and Welfare, an agency of plaintiff, pursuant to the provisions of the Code of Federal Regulations, Title 45, Part 177, subpart E.

IV

Subsequent thereto, the defendant Andrew Lozano, Jr. defaulted in payment of said notes to the Creighton University, and said notes were assigned for valuable consideration to the Department of Education, plaintiff's agency, on May 19, 1980. Although appropriate demand has been made upon the defendant for payment, he has failed to satisfy said indebtedness.

V

There remains due and owing on said notes the total sum of $12,867.56 to date, plus interest to be accrued as specified below.

WHEREFORE, plaintiff prays judgment against defendant in the amount of $12,867.56 principal and interest accrued through February 21, 1985, plus interest at the rate of 7% per annum to the date of judgment, and interest from the date of judgment at the current legal rate which will be compounded annually pursuant to the provisions of 28 U.S.C. § 1961(b); for the costs of this action; and for such other and further relief as the Court may deem proper.

DATED: February 21, 1985

JOSEPH P. RUSSONIELLO
United States Attorney

By: *Esther Z. Hirsh*
ESTHER Z. HIRSH
Assistant United States Attorney

Form OBD-183
12-8-76 DOJ

Complaint                              3

DEPARTMENT OF HEALTH, EDUCATION, AND WELFARE.
OFFICE OF EDUCATION
WASHINGTON, D.C. 20202

PROMISSORY NOTE

FEDERAL INSURED STUDENT LOAN PROGRAM (Public Law 89-329, IV-B)

CITY: Omaha
STATE: Nebraska

I, __Andrew Lozano Jr.__, hereinafter called the "maker," promise to pay to

__Creighton University__, hereinafter called the "lender," located at

__2500 California Street__, the sum of $ __1,500.00__ which has been advanced to me, together with simple interest at the rate of __7__ percent per annum on the outstanding balance of such sum and authorized late charges, all reasonable attorney's fees, and other costs and charges necessary for the collection of any amount not paid when due. The lender will not collect or attempt to collect from the borrower any portion of the interest which is payable by the U.S. Government.

The maker further understands and agrees, and it is understood between the parties that:

I. Pursuant to an agreement with the U.S. Commissioner of Education, hereinafter called the "Commissioner," the lender has applied for Federal Loan Insurance under Title IV, Part B of the Higher Education Act of 1965, as amended, hereinafter called the "Act," on all sums advanced pursuant to this note. Such terms of this note as are subject to interpretation shall be construed in the light of Federal Regulations pertaining to such Act, a copy of which is on file with the lender.

II. Repayment of Principal, together with interest thereon, shall be made over a period commencing __9__ months after the date on which the maker ceases to carry, at an institution determined to be eligible for that purpose under the Act and Regulations pertaining thereto, hereinafter called an "eligible institution," at least one-half the normal full-time academic work load, as determined by such institution, and (except when paragraph IV(2) applies) ... less than five nor more than ten years after such date but in no event over a period in excess of 15 years from the date of ____ ... the period prior to the commencement of repayment period but at the option of the lende... nt of the repayment period, be added to and become a part of the principal amount of th... dic installments in accordance with : Either (1) a repayment schedule to be pro... ade a part of this note: or (2) the terms of a separate instrument which sha... commencement of the repayment period.

LOZANO*ANDREW  JR*
CLAIM NO 0078009305  09-20-80
1

III. The maker agrees to pay the lender in additi... required to pay to the Commissioner in order to provide insurance coverage for the princ... this note. Payments covering the period of time extending from the date of execution of this note to the commencement of the repayment period (estimated in accordance with instructions issued by the Commissioner) shall be due and payable immediately.

IV. This note is subject also to the following conditions:

(1) The maker may at his option and without penalty prepay all or any part of the principal plus the accrued interest at any time.

(2) Installments of principal need not be paid during any period (A) during which the maker is carrying, at an eligible institution, a full-time academic work load, (B) not in excess of three years during which the maker is a member of the Armed Forces of the United States, (C) not in excess of three years during which the maker serves as a volunteer under the Peace Corps Act or (D) not in excess of three years during which the maker serves as a volunteer under Title VIII of the Economic Opportunity Act of 1964; and such period in (A), (B), (C), or (D) shall not be included in determining the period during which repayment must be completed.

(3) Notwithstanding the minimum repayment period set forth in paragraph II, installment payments shall be made at an annual rate of not less than the difference between the combined annual rate of repayment on all other notes of the maker which are insured under the Act and $360.

(4) In the event of a failure to make any payment when due hereunder, the entire unpaid indebtedness including interest due and accrued thereon shall at the option of the lender or any other holder of this note become immediately due and payable.

(5) In the event of the maker's death or total and permanent disability the unpaid indebtedness hereunder shall be canceled.

(6) The maker shall inform the lender or any other holder of this note of any change or changes in his address or his status as at least a half-time student.

| SIGNATURE | ADDRESS | DATE |
|---|---|---|
| Andrew Lozano (signature) | 5233 8th St | 9/29/72 |
| SIGNATURE | ADDRESS | DATE |
| | | |

CAVEAT: This note shall be executed without security and without endorsement, except that, if the maker is a minor and this note would not, under State Law, create a binding obligation, endorsement may be required. The lender shall supply a copy of this note to the maker.

OE FORM 1164, 3/68

67B

DEPARTMENT OF HEALTH, EDUCATION, AND WELFARE
OFFICE OF EDUCATION
WASHINGTON, D.C. 20202

PROMISSORY NOTE

FEDERAL INSURED STUDENT LOAN PROGRAM (Public Law 89-329, IV-B)

CITY: Omaha
STATE: Nebraska

I, __Andrew Lozano, Jr.__, hereinafter called the "maker," promise to pay to

__Creighton University__, hereinafter called the "lender," located at

__2500 California Street__, the sum of $ __1,000.00__ which has been advanced to me, together with simple interest at the rate of __7__ percent per annum on the outstanding balance of such sum and authorized late charges, all reasonable attorney's fees, and other costs and charges necessary for the collection of any amount not paid when due. The lender will not collect or attempt to collect from the borrower any portion of the interest which is payable by the U.S. Government.

The maker further understands and agrees, and it is understood between the parties that:

I. Pursuant to an agreement with the U.S. Commissioner of Education, hereinafter called the "Commissioner," the lender has applied for Federal Loan Insurance under Title IV, Part B of the Higher Education Act of 1965, as amended, hereinafter called the "Act," on all sums advanced pursuant to this note. Such terms of this note as are subject to interpretation shall be construed in the light of Federal Regulations pertaining to such Act, a copy of which is on file with the lender.

II. Repayment of Principal, together with interest thereon, shall be made over a period commencing __9__ months after the date on which the maker ceases to carry, at an institution determined to be eligible for that purpose under the Act and Regulations pertaining thereto, hereinafter called an "eligible institution," at least one-half the normal full-time academic work load, as determined by such institution, and (except when paragraph IV(2) applies) ending not less than five nor more than ten years after such date but in no event over a period in excess of 15 years from the date of execution of this note. Interest shall accrue during the period prior to the commencement of repayment period but at the option of the lender need not be paid during that period. Such accrued interest shall, at the commencement of the repayment period, be added to and become a part of the principal amount of the loan. Repayment of principal, together with interest thereon, shall be made in periodic installments in accordance with: Either (1) a repayment schedule to be provided by the lender prior to the commencement of the repayment period which will be made a part of this note; or (2) the terms of a separate instrument which shall be subject to the terms of this note and which the borrower agrees to execute prior to commencement of the repayment period.

III. The maker agrees to pay the lender in addition to interest and principal due an amount equal to the premiums that the lender is required to pay to the Commissioner in order to provide insurance coverage for the principal amount of this note. Payments covering the period of time extending from the date of execution of this note to the commencement of the repayment period (estimated in accordance with instructions issued by the Commissioner) shall be due and payable immediately.

IV. This note is subject also to the following conditions:

(1) The maker may at his option and without penalty prepay all or any part of the principal plus the accrued interest at any time.

(2) Installments of principal need not be paid during any period (A) during which the maker is carrying, at an eligible institution, a full-time academic work load, (B) not in excess of three years during which the maker is a member of the Armed Forces of the United States, (C) not in excess of three years during which the maker serves as a volunteer under the Peace Corps Act or (D) not in excess of three years during which the maker serves as a volunteer under Title VIII of the Economic Opportunity Act of 1964; and such period in (A), (B), (C), or (D) shall not be included in determining the period during which repayment must be completed.

(3) Notwithstanding the minimum repayment period set forth in paragraph II, installment payments shall be made at an annual rate of not less than the difference between the combined annual rate of repayment on all other notes of the maker which are insured under the Act and $360.

(4) In the event of a failure to make any payment when due hereunder, the entire unpaid indebtedness including interest due and accrued thereon shall at the option of the lender or any other holder of this note become immediately due and payable.

(5) In the event of the maker's death or total and permanent disability the unpaid indebtedness hereunder shall be canceled.

(6) The maker shall inform the lender or any other holder of this note of any change or changes in his address or his status as at least a half-time student.

| SIGNATURE | ADDRESS | DATE |
|---|---|---|
| X Andrew Lozano Jr. | 554 S. 25th Apt 334 | 3/30/73 |
| SIGNATURE | ADDRESS | DATE |

CAVEAT: This note shall be executed without security and without endorsement, except that, if the maker is a minor and this note would not, under State Law, create a binding obligation, endorsement may be required. The lender shall supply a copy of this note to the maker.

OE FORM 1164, 2/69

DEPARTMENT OF HEALTH, EDUCATION, AND WELFARE
OFFICE OF EDUCATION
WASHINGTON, D.C. 20202

**PROMISSORY NOTE**

FEDERAL INSURED STUDENT LOAN PROGRAM (Public Law 89-329, IV-B)

CITY: Omaha
STATE: Nebraska

I, **Andrew Lozano, Jr.**, hereinafter called the "maker," promise to pay to **Creighton University**, hereinafter called the "lender," located at **2500 California Street**, the sum of $ **1,500.00** which has been advanced to me, together with simple interest at the rate of **7** percent per annum on the outstanding balance of such sum and authorized late charges, all reasonable attorney's fees, and other costs and charges necessary for the collection of any amount not paid when due. The lender will not collect or attempt to collect from the borrower any portion of the interest which is payable by the U.S. Government.

The maker further understands and agrees, and it is understood between the parties that:

I. Pursuant to an agreement with the U.S. Commissioner of Education, hereinafter called the "Commissioner," the lender has applied for Federal Loan Insurance under Title IV, Part B of the Higher Education Act of 1965, as amended, hereinafter called the "Act," on all sums advanced pursuant to this note. Such terms of this note as are subject to interpretation shall be construed in the light of Federal Regulations pertaining to such Act, a copy of which is on file with the lender.

II. Repayment of Principal, together with interest thereon, shall be made over a period commencing **9** months after the date on which the maker ceases to carry, at an institution determined to be eligible for that purpose under the Act and Regulations pertaining thereto, hereinafter called an "eligible institution," at least one-half the normal full-time academic work load, as determined by such institution, and (except when paragraph IV(2) applies) ending not less than five nor more than ten years after such date but in no event over a period in excess of 15 years from the date of execution of this note. Interest shall accrue during the period prior to the commencement of repayment period but at the option of the lender need not be paid during that period. Such accrued interest shall, at the commencement of the repayment period, be added to and become a part of the principal amount of the loan. Repayment of principal, together with interest thereon, shall be made in periodic installments in accordance with: Either (1) a repayment schedule to be provided by the lender prior to the commencement of the repayment period which will be made a part of this note; or (2) the terms of a separate instrument which shall be subject to the terms of this note and which the borrower agrees to execute prior to commencement of the repayment period.

III. The maker agrees to pay the lender in addition to interest and principal due an amount equal to the premiums that the lender is required to pay to the Commissioner in order to provide insurance coverage for the principal amount of this note. Payments covering the period of time extending from the date of execution of this note to the commencement of the repayment period (estimated in accordance with instructions issued by the Commissioner) shall be due and payable immediately.

IV. This note is subject also to the following conditions:

(1) The maker may at his option and without penalty prepay all or any part of the principal plus the accrued interest at any time.

(2) Installments of principal need not be paid during any period (A) during which the maker is carrying, at an eligible institution, a full-time academic work load, (B) not in excess of three years during which the maker is a member of the Armed Forces of the United States, (C) not in excess of three years during which the maker serves as a volunteer under the Peace Corps Act or (D) not in excess of three years during which the maker serves as a volunteer under Title VIII of the Economic Opportunity Act of 1964; and such period in (A), (B), (C), or (D) shall not be included in determining the period during which repayment must be completed.

(3) Notwithstanding the minimum repayment period set forth in paragraph II, installment payments shall be made at an annual rate of not less than the difference between the combined annual rate of repayment on all other notes of the maker which are insured under the Act and $360.

(4) In the event of a failure to make any payment when due hereunder, the entire unpaid indebtedness including interest due and accrued thereon shall at the option of the lender or any other holder of this note become immediately due and payable.

(5) In the event of the maker's death or total and permanent disability the unpaid indebtedness hereunder shall be canceled.

(6) The maker shall inform the lender or any other holder of this note of any change or changes in his address or his status as at least a half-time student.

| SIGNATURE | ADDRESS | DATE |
|---|---|---|
| X *Andrew Lozano Jr* (signature) | 3031 Lincoln Blvd | 9/12/73 |
| SIGNATURE | ADDRESS | DATE |

**CAVEAT** | This note shall be executed without security and without endorsement, except that, if the maker is a minor and this note would not, under State Law, create a binding obligation, endorsement may be required. The lender shall supply a copy of this note to the maker.

OE FORM 1164, 3/69

FEDERAL INSURED STUDENT LOAN PROGRAM
CREIGHTON UNIVERSITY
PROMISSORY NOTE

LOZANO, JR ANDREW _____, hereinafter called the "Maker," promise to pay to

Creighton University, hereinafter called the "Lender," located at Omaha, Nebr. the sum of $ 1,000.00 which has been advanced to

me, together with simple interest at the rate of _____ 7 _____ percent per annum on the outstanding balance of such sum and authorized late charges, all reasonable attorney's fees, and other costs and charges necessary for the collection of any amount not paid when due. The Lender will not collect or attempt to collect from the borrower any portion of the interest which is payable by the U.S. Government.

The maker further understands and agrees, and it is understood between the parties that:

I. Pursuant to an agreement with the U. S. Commissioner of Education, hereinafter called the "Commissioner," the Lender has applied for Federal Loan Insurance under Title IV, Part B of the Higher Education Act of 1965, as amended, hereinafter called the "Act," on all sums advanced pursuant to this note. Such terms of this note as are subject to interpretation shall be construed in the light of federal regulations pertaining to such act a copy of which is on file with the Lender.

II. Repayment of principal, together with interest thereon, shall be made over a period commencing nine (9) months after the date on which the Maker ceases to carry, at an institution determined to be eligible for that purpose under the act and regulations pertaining thereto, hereinafter called an "eligible institution" at least one-half the normal full-time academic work load, as determined by such institution, and (except when Paragraph IV (2) applies) ending not less than five nor more than ten years after such date but in no event over a period in excess of 15 years from the date of execution of this note. For those borrowers ineligible for federal interest benefits interest shall accrue during the period prior to the commencement of repayment period but at the option of the Lender need not be paid during that period. Such accrued interest at the commencement of the repayment period, be added to and become a part of the principal amount of the loan. Repayment of principal, together with interest thereon, shall be made in periodic installments in accordance with: Either (1) a repayment schedule to be provided by the Lender prior to the commencement of the repayment period which will be made a part of this note; or (2) the terms of a separate instrument which shall be subject to the terms of this note and which the borrower agrees to execute prior to commencement of the repayment period.

III. The Maker agrees to pay the Lender in addition to interest and principal due an amount equal to the premiums that the Lender is required to pay to the commissioner in order to provide insurance coverage for the principal amount of this note. Payments covering the period of time extending from the date of execution of this note to the commencement of the repayment period (estimated in accordance with instructions issued by the commissioner) shall be due and payable immediately.

IV. This note is subject to the following conditions:

(1) The Maker may at his option and without penalty prepay all or any part of the principal plus the accrued interest at any time.

(2) Installments of principal and interest need not be paid during any period (A) during which the Maker is carrying, at an eligible institution, a full-time academic work load, (B) not in excess of three years during which the Maker is a member of the armed forces of the United States, (C) not in excess of three years during which the Maker serves as a volunteer under the Peace Corps Act, or (D) not in excess of three years, during which the Maker serves as a volunteer under Title VIII of the Economic Opportunity Act of 1964; and such period in (A), (B), (C), or (D) shall not be included in determining the period which repayment must be completed.

(3) Not withstanding the minimum repayment period set forth in Paragraph II, installment payments shall be made at annual rate of not less than the difference between the combined rate of repayment on all other notes of the Maker which are insured by the commissioner under the Act and $360.

(4) In the event of a failure to make any payment when due hereunder, the entire unpaid indebtedness including interest due and accrued thereon shall at the option of the Lender or any other holder of this note become immediately due and payable.

(5) In the event of the Maker's death or total and permanent disability the unpaid indebtedness shall be cancelled.

(6) The Maker shall inform the Lender or any other holder of this note of any change or changes in his address or his status as at least a half-time student.

(7) The Maker agrees that he will negotiate repayment of this note as outlined in Paragraph II above not later than 120 days prior to the commencement of the repayment period.

TRUTH IN LENDING

1. AMOUNT FINANCED (AMOUNT OF LOAN LESS INSURANCE PREMIUM) $ 991.81

2. PREPAID FINANCE CHARGE (INSURANCE PREMIUM) $ 8.19

3. ANNUAL PERCENTAGE RATE

(A) PRIOR TO BEGINNING OF REPAYMENT PERIOD .25% *

* This should reflect the actual rate of interest and insurance premiums charged to the borrower whether paid or accrued, prior to the repayment period. If the borrower is eligible for Federal interest subsidy, the rate shown should be "¼%", even though the note reflects a higher rate.

(B) DURING REPAYMENT PERIOD 7% **

** This should reflect the actual rate of interest paid by the borrower during the repayment period.

4. DELINQUENCY AND DEFAULT CHARGES:

A LATE CHARGE OF FIVE PERCENT OF THE QUARTERLY PAYMENT OR $5.00, WHICHEVER IS LESS, MAY BE CHARGED ON ANY PAYMENT MADE LATER THAN TEN (10) DAYS FROM THE DUE DATE. REASONABLE ATTORNEY'S FEES, AND OTHER COSTS AND CHARGES NECESSARY FOR THE COLLECTION OF ANY AMOUNT NOT PAID WHEN DUE, MAY ALSO BE CHARGED. ANY OBLIGATION OF THE U.S. COMMISSIONER OF EDUCATION TO PAY INTEREST SHALL TERMINATE UPON DEFAULT BY THE BORROWER (AS DEFINED BY REGULATIONS OF THE U.S. COMMISSIONER OF EDUCATION).

5. ACCELERATION OF MATURITY DATE BY PREPAYMENT:

THE MAKER MAY, AT HIS OPTION, AND WITHOUT PENALTY, PREPAY ALL OR ANY PART OF THE PRINCIPAL PLUS THE ACCRUED INTEREST AT ANY TIME. IN THE EVENT OF ANY SUCH PREPAYMENT, THE MAKER SHALL BE ENTITLED TO A REBATE OF UNEARNED INTEREST COMPUTED TO DATE OF RECEIPT OF PAYMENT.

CO-SIGNER— 001104

SIGNATURE Andrew Lozano Jr. DATE 2/14/74

PERMANENT ADDRESS 3031 Lincoln Blvd

CAVEAT—THIS NOTE SHALL BE EXECUTED WITHOUT SECURITY AND WITHOUT ENDORSEMENT EXCEPT THAT, IF THE MAKER IS A MINOR AND THIS NOTE WOULD NOT, UNDER STATE LAW CREATE A BINDING OBLIGATION, ENDORSEMENT MAY BE REQUIRED. THE BORROWER ACKNOWLEDGES RECEIPT OF AN EXACT COPY OF THIS NOTE.

OFFICE COPY

FEDERAL INSURED STUDENT LOAN PROGRAM
CREIGHTON UNIVERSITY
PROMISSORY NOTE

I, __LOZANO JR    ANDREW_____, hereinafter called the "Maker," promise to pay to

Creighton University, hereinafter called the "Lender," located at Omaha, Nebr. the sum of $ __2,000.00__ which has been advanced to

me, together with simple interest at the rate of _____7_____ percent per annum on the outstanding balance of such sum
and authorized late charges, all reasonable attorney's fees, and other costs and charges necessary for the collection of any amount not paid when due.
The Lender will not collect or attempt to collect from the borrower any portion of the interest which is payable by the U.S. Government.

The maker further understands and agrees, and it is understood between the parties that:

I. Pursuant to an agreement with the U. S. Commissioner of Education, hereinafter called the "Commissioner," the Lender has applied for Federal Loan Insurance under Title IV, Part B of the Higher Education Act of 1965, as amended, hereinafter called the "Act," on all sums advanced pursuant to this note. Such terms of this note as are subject to interpretation shall be construed in the light of federal regulations pertaining to such act a copy of which is on file with the Lender.

II. Repayment of principal, together with interest thereon, shall be made over a period commencing nine (9) months after the date on which the Maker ceases to carry, at an institution determined to be eligible for that purpose under the act and regulations pertaining thereto, hereinafter called an "eligible institution" at least one-half the normal full-time academic work load, as determined by such institution, and (except when Paragraph IV (2) applies) ending not less than five nor more than ten years after such date but in no event over a period in excess of 15 years from the date of execution of this note. For those borrowers ineligible for federal interest benefits interest shall accrue during the period prior to the commencement of repayment period but at the option of the Lender need not be paid during that period. Such accrued interest at the commencement of the repayment period, be added to and become a part of the principal amount of the loan. Repayment of principal, together with interest thereon, shall be made in periodic installments in accordance with: Either (1) a repayment schedule to be provided by the Lender prior to the commencement of the repayment period which will be made a part of this note; or (2) the terms of a separate instrument which shall be subject to the terms of this note and which the borrower agrees to execute prior to commencement of the repayment period.

III. The Maker agrees to pay the Lender in addition to interest and principal due an amount equal to the premiums that the Lender is required to pay to the commissioner in order to provide insurance coverage for the principal amount of this note. Payments covering the period of time extending from the date of execution of this note to the commencement of the repayment period (estimated in accordance with instructions issued by the commissioner) shall be due and payable immediately.

IV. This note is subject to the following conditions:

(1) The Maker may at his option and without penalty prepay all or any part of the principal plus the accrued interest at any time.

(2) Installments of principal and interest need not be paid during any period (A) during which the Maker is carrying, at an eligible institution, a full-time academic work load, (B) not in excess of three years during which the Maker is a member of the armed forces of the United States, (C) not in excess of three years during which the Maker serves as a volunteer under the Peace Corps Act, or (D) not in excess of three years, during which the Maker serves as a volunteer under Title VIII of the Economic Opportunity Act of 1964; and such period in (A), (B), (C), or (D) shall not be included in determining the period which repayment must be completed.

(3) Not withstanding the minimum repayment period set forth in Paragraph II, installment payments shall be made at annual rate of not less than the difference between the combined rate of repayment on all other notes of the Maker which are insured by the commissioner under the Act and $360.

(4) In the event of a failure to make any payment when due hereunder, the entire unpaid indebtedness including interest due and accrued thereon shall at the option of the Lender or any other holder of this note become immediately due and payable.

(5) In the event of the Maker's death or total and permanent disability the unpaid indebtedness shall be cancelled.

(6) The Maker shall inform the Lender or any other holder of this note of any change or changes in his address or his status as at least a half-time student.

(7) The Maker agrees that he will negotiate repayment of this note as outlined in Paragraph II above not later than 120 days prior to the commencement of the repayment period.

TRUTH IN LENDING

1. **AMOUNT FINANCED** (AMOUNT OF LOAN LESS INSURANCE PREMIUM)   $1,983.20

2. **PREPAID FINANCE CHARGE** (INSURANCE PREMIUM)     $   16.80

3. **ANNUAL PERCENTAGE RATE**

   (A) PRIOR TO BEGINNING OF REPAYMENT PERIOD    .25%  *

   * This should reflect the actual rate of interest and insurance premiums charged to the borrower whether paid or accrued, prior to the repayment period. If the borrower is eligible for Federal interest subsidy, the rate shown should be '¼%', even though the note reflects a higher rate.

   (B) DURING REPAYMENT PERIOD     7%  **

   ** This should reflect the actual rate of interest paid by the borrower during the repayment period.

4. **DELINQUENCY AND DEFAULT CHARGES:**

A LATE CHARGE OF FIVE PERCENT OF THE QUARTERLY PAYMENT OR $5.00, WHICHEVER IS LESS, MAY BE CHARGED ON ANY PAYMENT MADE LATER THAN TEN (10) DAYS FROM THE DUE DATE. REASONABLE ATTORNEY'S FEES, AND OTHER COSTS AND CHARGES NECESSARY FOR THE COLLECTION OF ANY AMOUNT NOT PAID WHEN DUE, MAY ALSO BE CHARGED. ANY OBLIGATION OF THE U.S. COMMISSIONER OF EDUCATION TO PAY INTEREST SHALL TERMINATE UPON DEFAULT BY THE BORROWER (AS DEFINED BY REGULATIONS OF THE U.S. COMMISSIONER OF EDUCATION).

5. **ACCELERATION OF MATURITY DATE BY PREPAYMENT:**

THE MAKER MAY, AT HIS OPTION, AND WITHOUT PENALTY, PREPAY ALL OR ANY PART OF THE PRINCIPAL PLUS THE ACCRUED INTEREST AT ANY TIME. IN THE EVENT OF ANY SUCH PREPAYMENT, THE MAKER SHALL BE ENTITLED TO A REBATE OF UNEARNED INTEREST COMPUTED TO DATE OF RECEIPT OF PAYMENT.

CO-SIGNER—                                                              CHECK NUMBER 003052

SIGNATURE __Andrew Lozano__                           DATE __1/23/75__

PERMANENT ADDRESS __2466 So. 3rd St. Place Omaha, Ne.__

**CAVEAT**—THIS NOTE SHALL BE EXECUTED WITHOUT SECURITY AND WITHOUT ENDORSEMENT EXCEPT THAT, IF THE MAKER IS A MINOR AND THIS NOTE WOULD NOT, UNDER STATE LAW CREATE A BINDING OBLIGATION, ENDORSEMENT MAY BE REQUIRED. THE BORROWER ACKNOWLEDGES RECEIPT OF AN EXACT COPY OF THIS NOTE.

OFFICE COPY

I, _____, hereinafter called the "Maker," promise to pay to

Creighton University, hereinafter called the "Lender," located at Omaha, Nebr. the sum of $ __1,000.00__ which has been advanced to

me, together with simple interest at the rate of _____ 7 _____ percent per annum on the outstanding balance of such sum and authorized late charges, all reasonable attorney's fees, and other costs and charges necessary for the collection of any amount not paid when due. The Lender will not collect or attempt to collect from the borrower any portion of the interest which is payable by the U.S. Government.

The maker further understands and agrees, and it is understood between the parties that:

I. Pursuant to an agreement with the U. S. Commissioner of Education, hereinafter called the "Commissioner," the Lender has applied for Federal Loan Insurance under Title IV, Part B of the Higher Education Act of 1965, as amended, hereinafter called the "Act," on all sums advanced pursuant to this note. Such terms of this note as are subject to interpretation shall be construed in the light of federal regulations pertaining to such act a copy of which is on file with the Lender.

II. Repayment of principal, together with interest thereon, shall be made over a period commencing nine (9) months after the date on which the Maker ceases to carry, at an institution determined to be eligible for that purpose under the act and regulations pertaining thereto, hereinafter called an "eligible institution" at least one-half the normal full-time academic work load, by such institution, and (except when Paragraph IV (2) applies) ending not less than five nor more than ten years after such date but in no event over a period in excess of 15 years from the date of execution of this note. For those borrowers ineligible for federal interest benefits interest shall accrue during the period prior to the commencement of repayment period but at the option of the Lender need not be paid during that period. Such accrued interest shall at the commencement of the repayment period, be added to and become a part of the principal amount of the loan. Repayment of principal, together with interest thereon, shall be made in periodic installments in accordance with: Either (1) a repayment schedule to be provided by the Lender prior to the commencement of the repayment period which will be made a part of this note; or (2) the terms of a separate instrument which shall be subject to the terms of this note and which the borrower agrees to execute prior to commencement of the repayment period.

III. The Maker agrees to pay the Lender in addition to interest and principal due an amount equal to the premiums that the Lender is required to pay to the commissioner in order to provide insurance coverage for the principal amount of this note. Payments covering the period of time extending from the date of execution of this note to the commencement of the repayment period (estimated in accordance with instructions issued by the commissioner) shall be due and payable immediately.

IV. This note is subject to the following conditions:

(1) The Maker may at his option and without penalty prepay all or any part of the principal plus the accrued interest at any time.

(2) Installments of principal and interest need not be paid during any period (A) during which the Maker is carrying, at an eligible institution, a full-time academic work load, (B) not in excess of three years during which the Maker is a member of the armed forces of the United States, (C) not in excess of three years during which the Maker serves as a volunteer under the Peace Corps Act, or (D) not in excess of three years, during which the Maker serves as a volunteer under Title VIII of the Economic Opportunity Act of 1964; and such period in (A), (B), (C), or (D) shall not be included in determining the period which repayment must be completed.

(3) Not withstanding the minimum repayment period set forth in Paragraph II, installment payments shall be made at annual rate of not less than the difference between the combined rate of repayment on all other notes of the Maker which are insured by the commissioner under the Act and $360.

(4) In the event of a failure to make any payment when due hereunder, the entire unpaid indebtedness including interest due and accrued thereon shall at the option of the Lender or any other holder of this note become immediately due and payable.

(5) In the event of the Maker's death or total and permanent disability the unpaid indebtedness shall be cancelled.

(6) The Maker shall inform the Lender or any other holder of this note of any change or changes in his address or his status as at least a half-time student.

(7) The Maker agrees that he will negotiate repayment of this note as outlined in Paragraph II above not later than 120 days prior to the commencement of the repayment period.

TRUTH IN LENDING

1. AMOUNT FINANCED (AMOUNT OF LOAN LESS INSURANCE PREMIUM) $ __993.07__

2. PREPAID FINANCE CHARGE (INSURANCE PREMIUM)  $ __6.93__

3. ANNUAL PERCENTAGE RATE

   (A) PRIOR TO BEGINNING OF REPAYMENT PERIOD __.25%__ *

   * This should reflect the actual rate of interest and insurance premiums charged to the borrower whether paid or accrued, prior to the repayment period. If the borrower is eligible for Federal interest subsidy, the rate shown should be '¼%', even though the note reflects a higher rate.

   (B) DURING REPAYMENT PERIOD __7%__ **

   ** This should reflect the actual rate of interest paid by the borrower during the repayment period.

4. DELINQUENCY AND DEFAULT CHARGES:

A LATE CHARGE OF FIVE PERCENT OF THE QUARTERLY PAYMENT OR $5.00, WHICHEVER IS LESS, MAY BE CHARGED ON ANY PAYMENT MADE LATER THAN TEN (10) DAYS FROM THE DUE DATE. REASONABLE ATTORNEY'S FEES, AND OTHER COSTS AND CHARGES NECESSARY FOR THE COLLECTION OF ANY AMOUNT NOT PAID WHEN DUE, MAY ALSO BE CHARGED. ANY OBLIGATION OF THE U.S. COMMISSIONER OF EDUCATION TO PAY INTEREST SHALL TERMINATE UPON DEFAULT BY THE BORROWER (AS DEFINED BY REGULATIONS OF THE U.S. COMMISSIONER OF EDUCATION).

5. ACCELERATION OF MATURITY DATE BY PREPAYMENT: CO-SIGNER--

THE MAKER MAY, AT HIS OPTION, AND WITHOUT PENALTY, PREPAY ALL OR ANY PART OF THE PRINCIPAL PLUS THE ACCRUED INTEREST AT ANY TIME. IN THE EVENT OF ANY SUCH PREPAYMENT, THE MAKER SHALL BE ENTITLED TO A REBATE OF UNEARNED INTEREST COMPUTED TO DATE OF RECEIPT OF PAYMENT.   CHECK NUMBER 093.543

SIGNATURE __Andrew Lynn__   DATE __8/27/75__

PERMANENT ADDRESS __2466 So. 32nd St. Plaza__

CAVEAT—THIS NOTE SHALL BE EXECUTED WITHOUT SECURITY AND WITHOUT ENDORSEMENT EXCEPT THAT, IF THE MAKER IS A MINOR AND THIS NOTE WOULD NOT, UNDER STATE LAW CREATE A BINDING OBLIGATION, ENDORSEMENT MAY BE REQUIRED. THE BORROWER ACKNOWLEDGES RECEIPT OF AN EXACT COPY OF THIS NOTE.

OFFICE COPY

DSS-F447 2443/032

FEDERAL INSURED STUDENT LOAN PROGRAM
CREIGHTON UNIVERSITY
PROMISSORY NOTE

I, __Andrew Lozano Jr._____, hereinafter called the "Maker," promise to pay to Creighton University, hereinafter called the "Lender," located at Omaha, Nebr. the sum of $ __250.00__ which has been advanced to me, together with simple interest at the rate of _____7_____ percent per annum on the outstanding balance of such sum and authorized late charges, all reasonable attorney's fees, and other costs and charges necessary for the collection of any amount not paid when due. The Lender will not collect or attempt to collect from the borrower any portion of the interest which is payable by the U.S. Government.

The maker further understands and agrees, and it is understood between the parties that:

I. Pursuant to an agreement with the U. S. Commissioner of Education, hereinafter called the "Commissioner," the Lender has applied for Federal Loan Insurance under Title IV, Part B of the Higher Education Act of 1965, as amended, hereinafter called the "Act," on all sums advanced pursuant to this note. Such terms of this note as are subject to interpretation shall be construed in the light of federal regulations pertaining to such act a copy of which is on file with the Lender.

II. Repayment of principal, together with interest thereon, shall be made over a period commencing nine (9) months after the date on which the Maker ceases to carry, at an institution determined to be eligible for that purpose under the act and regulations pertaining thereto, hereinafter called an "eligible institution" at least one-half the normal full-time academic work load, as determined by such institution, and (except when Paragraph IV (2) applies) ending not less than five nor more than ten years after such date but in no event over a period in excess of 15 years from the date of execution of this note. For those borrowers ineligible for federal interest benefits interest shall accrue during the period prior to the commencement of repayment period but at the option of the Lender need not be paid during that period. Such accrued interest at the commencement of the repayment period, be added to and become a part of the principal amount of the loan. Repayment of principal, together with interest thereon, shall be made in periodic installments in accordance with: Either (1) a repayment schedule to be provided by the Lender prior to the commencement of the repayment period which will be made a part of this note; or (2) the terms of a separate instrument which shall be subject to the terms of this note and which the borrower agrees to execute prior to commencement of the repayment period.

III. The Maker agrees to pay the Lender in addition to interest and principal due an amount equal to the premiums that the Lender is required to pay to the commissioner in order to provide insurance coverage for the principal amount of this note. Payments covering the period of time extending from the date of execution of this note to the commencement of the repayment period (estimated in accordance with instructions issued by the commissioner) shall be due and payable immediately.

IV. This note is subject to the following conditions:

(1) The Maker may at his option and without penalty prepay all or any part of the principal plus the accrued interest at any time.

(2) Installments of principal and interest need not be paid during any period (A) during which the Maker is carrying, at an eligible institution, a full-time academic work load, (B) not in excess of three years during which the Maker is a member of the armed forces of the United States, (C) not in excess of three years during which the Maker serves as a volunteer under the Peace Corps Act, or (D) not in excess of three years, during which the Maker serves as a volunteer under Title VIII of the Economic Opportunity Act of 1964; and such period in (A), (B), (C), or (D) shall not be included in determining the period which repayment must be completed.

(3) Not withstanding the minimum repayment period set forth in Paragraph II, installment payments shall be made at annual rate of not less than the difference between the combined rate of repayment on all other notes of the Maker which are insured by the commissioner under the Act and $360.

(4) In the event of a failure to make any payment when due hereunder, the entire unpaid indebtedness including interest due and accrued thereon shall at the option of the Lender or any other holder of this note become immediately due and payable.

(5) In the event of the Maker's death or total and permanent disability the unpaid indebtedness shall be cancelled.

(6) The Maker shall inform the Lender or any other holder of this note of any change or changes in his address or his status as at least a half-time student.

(7) The Maker agrees that he will negotiate repayment of this note as outlined in Paragraph II above not later than 120 days prior to the commencement of the repayment period.

TRUTH IN LENDING

1. AMOUNT FINANCED (AMOUNT OF LOAN LESS INSURANCE PREMIUM) __$246.95__

2. PREPAID FINANCE CHARGE (INSURANCE PREMIUM) __3.05__

3. ANNUAL PERCENTAGE RATE

    (A) PRIOR TO BEGINNING OF REPAYMENT PERIOD __.25%__  *

    * This should reflect the actual rate of interest and insurance premiums charged to the borrower whether paid or accrued, prior to the repayment period. If the borrower is eligible for Federal interest subsidy, the rate shown should be '¼%', even though the note reflects a higher rate.

    (B) DURING REPAYMENT PERIOD __7%__  **

    ** This should reflect the actual rate of interest paid by the borrower during the repayment period.

4. DELINQUENCY AND DEFAULT CHARGES:

A LATE CHARGE OF FIVE PERCENT OF THE QUARTERLY PAYMENT OR $5.00, WHICHEVER IS LESS, MAY BE CHARGED ON ANY PAYMENT MADE LATER THAN TEN (10) DAYS FROM THE DUE DATE. REASONABLE ATTORNEY'S FEES, AND OTHER COSTS AND CHARGES NECESSARY FOR THE COLLECTION OF ANY AMOUNT NOT PAID WHEN DUE, MAY ALSO BE CHARGED. ANY OBLIGATION OF THE U.S. COMMISSIONER OF EDUCATION TO PAY INTEREST SHALL TERMINATE UPON DEFAULT BY THE BORROWER (AS DEFINED BY REGULATIONS OF THE U.S. COMMISSIONER OF EDUCATION).

5. ACCELERATION OF MATURITY DATE BY PREPAYMENT:

THE MAKER MAY, AT HIS OPTION, AND WITHOUT PENALTY, PREPAY ALL OR ANY PART OF THE PRINCIPAL PLUS THE ACCRUED INTEREST AT ANY TIME. IN THE EVENT OF ANY SUCH PREPAYMENT, THE MAKER SHALL BE ENTITLED TO A REBATE OF UNEARNED INTEREST COMPUTED TO DATE OF RECEIPT OF PAYMENT.

12/12/75

SIGNATURE __Andrew Lozano__  DATE __12/18/75__
PERMANENT ADDRESS __2466 So. 3rd St Plaza__  Ck # 4746

CAVEAT—THIS NOTE SHALL BE EXECUTED WITHOUT SECURITY AND WITHOUT ENDORSEMENT EXCEPT THAT, IF THE MAKER IS A MINOR AND THIS NOTE WOULD NOT, UNDER STATE LAW CREATE A BINDING OBLIGATION, ENDORSEMENT MAY BE REQUIRED. THE BORROWER ACKNOWLEDGES RECEIPT OF AN EXACT COPY OF THIS NOTE.

OFFICE COPY

FEDERAL INSURED STUDENT LOAN PROGRAM
CREIGHTON UNIVERSITY
PROMISSORY NOTE

I, LOZANO JR  ANDREW _____, hereinafter called the "Maker," promise to pay to

Creighton University, hereinafter called the "Lender," located at Omaha, Nebr. the sum of $ 250.00 which has been advanced to

me, together with simple interest at the rate of _____ 7 _____ percent per annum on the outstanding balance of such sum
and authorized late charges, all reasonable attorney's fees, and other costs and charges necessary for the collection of any amount not paid when due.
The Lender will not collect or attempt to collect from the borrower any portion of the interest which is payable by the U.S. Government.

The maker further understands and agrees, and it is understood between the parties that:

  I. Pursuant to an agreement with the U. S. Commissioner of Education, hereinafter called the "Commissioner," the Lender has applied for Federal Loan Insurance under Title IV, Part B of the Higher Education Act of 1965, as amended, hereinafter called the "Act," on all sums advanced pursuant to this note. Such terms of this note as are subject to interpretation shall be construed in the light of federal regulations pertaining to such act a copy of which is on file with the Lender.

  II. Repayment of principal, together with interest thereon, shall be made over a period commencing nine (9) months after the date on which the Maker ceases to carry, at an institution determined to be eligible for that purpose under the act and regulations pertaining thereto, hereinafter called an "eligible institution" at least one-half the normal full-time academic work load, as determined by such institution, and (except when Paragraph IV (2) applies) ending not less than five nor more than ten years after such date but in no event over a period in excess of 15 years from the date of execution of this note. For those borrowers ineligible for federal interest benefits interest shall accrue during the period prior to the commencement of repayment period but at the option of the Lender need not be paid during that period. Such accrued interest shall at the commencement of the repayment period, be added to and become a part of the principal amount of the loan. Repayment of principal, together with interest thereon, shall be made in periodic installments in accordance with: Either (1) a repayment schedule to be provided by the Lender prior to the commencement of the repayment period which will be made a part of this note; or (2) the terms of a separate instrument which shall be subject to the terms of this note and which the borrower agrees to execute prior to commencement of the repayment period.

  III. The Maker agrees to pay the Lender in addition to interest and principal due an amount equal to the premiums that the Lender is required to pay to the commissioner in order to provide insurance coverage for the principal amount of this note. Payments covering the period of time extending from the date of execution of this note to the commencement of the repayment period (estimated in accordance with instructions issued by the commissioner) shall be due and payable immediately.

  IV. This note is subject to the following conditions:

  (1) The Maker may at his option and without penalty prepay all or any part of the principal plus the accrued interest at any time.

  (2) Installments of principal and interest need not be paid during any period (A) during which the Maker is carrying, at an eligible institution, a full-time academic work load, (B) not in excess of three years during which the Maker is a member of the armed forces of the United States, (C) not in excess of three years during which the Maker serves as a volunteer under the Peace Corps Act, or (D) not in excess of three years, during which the Maker serves as a volunteer under Title VIII of the Economic Opportunity Act of 1964; and such period in (A), (B), (C), or (D) shall not be included in determining the period which repayment must be completed.

  (3) Not withstanding the minimum repayment period set forth in Paragraph II, installment payments shall be made at annual rate of not less than the difference between the combined rate of repayment on all other notes of the Maker which are insured by the commissioner under the Act and $360.

  (4) In the event of a failure to make any payment when due hereunder, the entire unpaid indebtedness including interest due and accrued thereon shall at the option of the Lender or any other holder of this note become immediately due and payable.

  (5) In the event of the Maker's death or total and permanent disability the unpaid indebtedness shall be cancelled.

  (6) The Maker shall inform the Lender or any other holder of this note of any change or changes in his address or his status as at least a half-time student.

  (7) The Maker agrees that he will negotiate repayment of this note as outlined in Paragraph II above - not later than 120 days prior to the commencement of the repayment period.

TRUTH IN LENDING

1. AMOUNT FINANCED (AMOUNT OF LOAN LESS INSURANCE PREMIUM)  $ 248.48

2. PREPAID FINANCE CHARGE (INSURANCE PREMIUM)  $ 1.52

3. ANNUAL PERCENTAGE RATE

    (A) PRIOR TO BEGINNING OF REPAYMENT PERIOD  .25% *

      * This should reflect the actual rate of interest and insurance premiums charged to the borrower whether paid or accrued, prior to the repayment period. If the borrower is eligible for Federal interest subsidy, the rate shown should be '¼%', even though the note reflects a higher rate.

    (B) DURING REPAYMENT PERIOD  7% **

      ** This should reflect the actual rate of interest paid by the borrower during the repayment period.

4. DELINQUENCY AND DEFAULT CHARGES:
A LATE CHARGE OF FIVE PERCENT OF THE QUARTERLY PAYMENT OR $5.00, WHICHEVER IS LESS, MAY BE CHARGED ON ANY PAYMENT MADE LATER THAN TEN (10) DAYS FROM THE DUE DATE. REASONABLE ATTORNEY'S FEES, AND OTHER COSTS AND CHARGES NECESSARY FOR THE COLLECTION OF ANY AMOUNT NOT PAID WHEN DUE, MAY ALSO BE CHARGED. ANY OBLIGATION OF THE U.S. COMMISSIONER OF EDUCATION TO PAY INTEREST SHALL TERMINATE UPON DEFAULT BY THE BORROWER (AS DEFINED BY REGULATIONS OF THE U.S. COMMISSIONER OF EDUCATION).

5. ACCELERATION OF MATURITY DATE BY PREPAYMENT:
THE MAKER MAY, AT HIS OPTION, AND WITHOUT PENALTY, PREPAY ALL OR ANY PART OF THE PRINCIPAL PLUS THE ACCRUED INTEREST AT ANY TIME. IN THE EVENT OF ANY SUCH PREPAYMENT, THE MAKER SHALL BE ENTITLED TO A REBATE OF UNEARNED INTEREST COMPUTED TO DATE OF RECEIPT OF PAYMENT.

CO-SIGNER --
CHECK NUMBER  R684555F

SIGNATURE  Andrew Lozano Jr

DATE  12/31/75

PERMANENT ADDRESS _____

**CAVEAT** —THIS NOTE SHALL BE EXECUTED WITHOUT SECURITY AND WITHOUT ENDORSEMENT EXCEPT THAT, IF THE MAKER IS A MINOR AND THIS NOTE WOULD NOT, UNDER STATE LAW CREATE A BINDING OBLIGATION, ENDORSEMENT MAY BE REQUIRED. THE BORROWER ACKNOWLEDGES RECEIPT OF AN EXACT COPY OF THIS NOTE.
OFFICE COPY

DSS-F443: 2443/032

I, __LOZANO JR. ANDREW_____, hereinafter called the "Maker," promise to pay to Creighton University, hereinafter called the "Lender," located at Omaha, Nebr. the sum of $ __250.00__ which has been advanced to me, together with simple interest at the rate of _____7_____ percent per annum on the outstanding balance of such sum and authorized late charges, all reasonable attorney's fees, and other costs and charges necessary for the collection of any amount not paid when due. The Lender will not collect or attempt to collect from the borrower any portion of the interest which is payable by the U.S. Government.

The maker further understands and agrees, and it is understood between the parties that:

    I. Pursuant to an agreement with the U. S. Commissioner of Education, hereinafter called the "Commissioner," the Lender has applied for Federal Loan Insurance under Title IV, Part B of the Higher Education Act of 1965, as amended, hereinafter called the "Act," on all sums advanced pursuant to this note. Such terms of this note as are subject to interpretation shall be construed in the light of federal regulations pertaining to such act a copy of which is on file with the Lender.

    II. Repayment of principal, together with interest thereon, shall be made over a period commencing nine (9) months after the date on which the Maker ceases to carry, at an institution determined to be eligible for that purpose under the act and regulations pertaining thereto, hereinafter called an "eligible institution" at least one-half the normal full-time academic work load, as determined by such institution, and (except when Paragraph IV (2) applies) ending not less than five nor more than ten years after such date but in no event over a period in excess of 15 years from the date of execution of this note. For those borrowers ineligible for federal interest benefits interest shall accrue during the period prior to the commencement of repayment period but at the option of the Lender need not be paid during that period. Such accrued interest shall at the commencement of the repayment period, be added to and become a part of the principal amount of the loan. Repayment of principal, together with interest thereon, shall be made in periodic installments in accordance with: Either (1) a repayment schedule to be provided by the Lender prior to the commencement of the repayment period which will be made a part of this note; or (2) the terms of a separate instrument which shall be subject to the terms of this note and which the borrower agrees to execute prior to commencement of the repayment period.

    III. The Maker agrees to pay the Lender in addition to interest and principal due an amount equal to the premiums that the Lender is required to pay to the commissioner in order to provide insurance coverage for the principal amount of this note. Payments covering the period of time extending from the date of execution of this note to the commencement of the repayment period (estimated in accordance with instructions issued by the commissioner) shall be due and payable immediately.

    IV. This note is subject to the following conditions:

    (1) The Maker may at his option and without penalty prepay all or any part of the principal plus the accrued interest at any time.

    (2) Installments of principal and interest need not be paid during any period (A) during which the Maker is carrying, at an eligible institution, a full-time academic work load, (B) not in excess of three years during which the Maker is a member of the armed forces of the United States, (C) not in excess of three years during which the Maker serves as a volunteer under the Peace Corps Act, or (D) not in excess of three years, during which the Maker serves as a volunteer under Title VIII of the Economic Opportunity Act of 1964; and such period in (A), (B), (C), or (D) shall not be included in determining the period which repayment must be completed.

    (3) Not withstanding the minimum repayment period set forth in Paragraph II, installment payments shall be made at annual rate of not less than the difference between the combined rate of repayment on all other notes of the Maker which are insured by the commissioner under the Act and $360.

    (4) In the event of a failure to make any payment when due hereunder, the entire unpaid indebtedness including interest due and accrued thereon shall at the option of the Lender or any other holder of this note become immediately due and payable.

    (5) In the event of the Maker's death or total and permanent disability the unpaid indebtedness shall be cancelled.

    (6) The Maker shall inform the Lender or any other holder of this note of any change or changes in his address or his status as at least a half-time student.

    (7) The Maker agrees that he will negotiate repayment of this note as outlined in Paragraph II above not later than 120 days prior to the commencement of the repayment period.

## TRUTH IN LENDING

**1. AMOUNT FINANCED** (AMOUNT OF LOAN LESS INSURANCE PREMIUM) $ __248.95__

**2. PREPAID FINANCE CHARGE** (INSURANCE PREMIUM)  $ __1.05__

**3. ANNUAL PERCENTAGE RATE**

    (A) PRIOR TO BEGINNING OF REPAYMENT PERIOD  __.25%__ *

    * This should reflect the actual rate of interest and insurance premiums charged to the borrower whether paid or accrued, prior to the repayment period. If the borrower is eligible for Federal interest subsidy, the rate shown should be '¼%', even though the note reflects a higher rate.

    (B) DURING REPAYMENT PERIOD  __7%__ **

    ** This should reflect the actual rate of interest paid by the borrower during the repayment period.

**4. DELINQUENCY AND DEFAULT CHARGES:**

A LATE CHARGE OF FIVE PERCENT OF THE QUARTERLY PAYMENT OR $5.00, WHICHEVER IS LESS, MAY BE CHARGED ON ANY PAYMENT MADE LATER THAN TEN (10) DAYS FROM THE DUE DATE. REASONABLE ATTORNEY'S FEES, AND OTHER COSTS AND CHARGES NECESSARY FOR THE COLLECTION OF ANY AMOUNT NOT PAID WHEN DUE, MAY ALSO BE CHARGED. ANY OBLIGATION OF THE U.S. COMMISSIONER OF EDUCATION TO PAY INTEREST SHALL TERMINATE UPON DEFAULT BY THE BORROWER (AS DEFINED BY REGULATIONS OF THE U.S. COMMISSIONER OF EDUCATION).

**5. ACCELERATION OF MATURITY DATE BY PREPAYMENT** — CO-SIGNER — _____

THE MAKER MAY, AT HIS OPTION, AND WITHOUT PENALTY, PREPAY ALL OR ANY PART OF THE PRINCIPAL PLUS THE ACCRUED INTEREST AT ANY TIME. IN THE EVENT OF ANY SUCH PREPAYMENT, THE MAKER SHALL BE ENTITLED TO A REBATE OF UNEARNED INTEREST COMPUTED TO DATE OF RECEIPT OF PAYMENT.   CHECK NUMBER 005239

SIGNATURE X _Andrew Lozano Jr._ 9/8/76   DATE __09/01/76__

PERMANENT ADDRESS _____

**CAVEAT**—THIS NOTE SHALL BE EXECUTED WITHOUT SECURITY AND WITHOUT ENDORSEMENT EXCEPT THAT, IF THE MAKER IS A MINOR AND THIS NOTE WOULD NOT, UNDER STATE LAW CREATE A BINDING OBLIGATION, ENDORSEMENT MAY BE REQUIRED. THE BORROWER ACKNOWLEDGES RECEIPT OF AN EXACT COPY OF THIS NOTE.

OFFICE COPY

FEDERAL INSURED STUDENT LOAN PROGRAM
CREIGHTON UNIVERSITY
PROMISSORY NOTE

I, __LOZANO JR.    ANDREW_____, hereinafter called the "Maker," promise to pay to

Creighton University, hereinafter called the "Lender," located at Omaha, Nebr. the sum of $____250.00____ which has been advanced to

me, together with simple interest at the rate of _____7_____ percent per annum on the outstanding balance of such sum and authorized late charges, all reasonable attorney's fees, and other costs and charges necessary for the collection of any amount not paid when due. The Lender will not collect or attempt to collect from the borrower any portion of the interest which is payable by the U.S. Government.

The maker further understands and agrees, and it is understood between the parties that:

I. Pursuant to an agreement with the U. S. Commissioner of Education, hereinafter called the "Commissioner," the Lender has applied for Federal Loan Insurance under Title IV, Part B of the Higher Education Act of 1965, as amended, hereinafter called the "Act," on all sums advanced pursuant to this note. Such terms of this note as are subject to interpretation shall be construed in the light of federal regulations pertaining to such act a copy of which is on file with the Lender.

II. Repayment of principal, together with interest thereon, shall be made over a period commencing nine (9) months after the date on which the Maker ceases to carry, at an institution determined to be eligible for that purpose under the act and regulations pertaining thereto, hereinafter called an "eligible institution" at least one-half the normal full-time academic work load, as determined by such institution, and (except when Paragraph IV (2) applies) ending not less than five nor more than ten years after such date but in no event over a period in excess of 15 years from the date of execution of this note. For those borrowers ineligible for federal interest benefits interest shall accrue during the period prior to the commencement of repayment period but at the option of the Lender need not be paid during that period. Such accrued interest shall at the commencement of the repayment period, be added to and become a part of the principal amount of the loan. Repayment of principal, together with interest thereon, shall be made in periodic installments in accordance with: Either (1) a repayment schedule to be provided by the Lender prior to the commencement of the repayment period which will be made a part of this note; or (2) the terms of a separate instrument which shall be subject to the terms of this note and which the borrower agrees to execute prior to commencement of the repayment period.

III. The Maker agrees to pay the Lender in addition to interest and principal due an amount equal to the premiums that the Lender is required to pay to the commissioner in order to provide insurance coverage for the principal amount of this note. Payments covering the period of time extending from the date of execution of this note to the commencement of the repayment period (estimated in accordance with instructions issued by the commissioner) shall be due and payable immediately.

IV. This note is subject to the following conditions:

(1) The Maker may at his option and without penalty prepay all or any part of the principal plus the accrued interest at any time.

(2) Installments of principal and interest need not be paid during any period (A) during which the Maker is carrying, at an eligible institution, a full-time academic work load, (B) not in excess of three years during which the Maker is a member of the armed forces of the United States, (C) not in excess of three years during which the Maker serves as a volunteer under the Peace Corps Act, or (D) not in excess of three years, during which the Maker serves as a volunteer under Title VIII of the Economic Opportunity Act of 1964; and such period in (A), (B), (C), or (D) shall not be included in determining the period which repayment must be completed.

(3) Not withstanding the minimum repayment period set forth in Paragraph II, installment payments shall be made at annual rate of not less than the difference between the combined rate of repayment on all other notes of the Maker which are insured by the commissioner under the Act and $360.

(4) In the event of a failure to make any payment when due hereunder, the entire unpaid indebtedness including interest due and accrued thereon shall at the option of the Lender or any other holder of this note become immediately due and payable.

(5) In the event of the Maker's death or total and permanent disability the unpaid indebtedness shall be cancelled.

(6) The Maker shall inform the Lender or any other holder of this note of any change or changes in his address or his status as at least a half-time student.

(7) The Maker agrees that he will negotiate repayment of this note as outlined in Paragraph II above not later than 120 days prior to the commencement of the repayment period.

TRUTH IN LENDING

1. AMOUNT FINANCED (AMOUNT OF LOAN LESS INSURANCE PREMIUM) $___249.11___

2. PREPAID FINANCE CHARGE (INSURANCE PREMIUM)         $_____.89_____

3. ANNUAL PERCENTAGE RATE

   (A) PRIOR TO BEGINNING OF REPAYMENT PERIOD _____.25%___ *

   * This should reflect the actual rate of interest and insurance premiums charged to the borrower whether paid or accrued, <u>prior to the repayment period</u>. If the borrower is eligible for Federal interest subsidy, the rate shown should be '¼%', even though the note reflects a higher rate.

   (B) DURING REPAYMENT PERIOD                  _____7%___ **

   ** This should reflect the actual rate of interest paid by the borrower during the repayment period.

4. DELINQUENCY AND DEFAULT CHARGES:

A LATE CHARGE OF FIVE PERCENT OF THE QUARTERLY PAYMENT OR $5.00, WHICHEVER IS LESS, MAY BE CHARGED ON ANY PAYMENT MADE LATER THAN TEN (10) DAYS FROM THE DUE DATE. REASONABLE ATTORNEY'S FEES, AND OTHER COSTS AND CHARGES NECESSARY FOR THE COLLECTION OF ANY AMOUNT NOT PAID WHEN DUE, MAY ALSO BE CHARGED. ANY OBLIGATION OF THE U.S. COMMISSIONER OF EDUCATION TO PAY INTEREST SHALL TERMINATE UPON DEFAULT BY THE BORROWER (AS DEFINED BY REGULATIONS OF THE U.S. COMMISSIONER OF EDUCATION).

5. ACCELERATION OF MATURITY DATE BY PREPAYMENT CO-SIGNER--

THE MAKER MAY, AT HIS OPTION, AND WITHOUT PENALTY, PREPAY ALL OR ANY PART OF THE PRINCIPAL PLUS THE ACCRUED INTEREST AT ANY TIME. IN THE EVENT OF ANY SUCH PREPAYMENT, THE MAKER SHALL BE ENTITLED TO A REBATE OF UNEARNED INTEREST COMPUTED TO DATE OF RECEIPT OF PAYMENT.          CHECK NUMBER 005694

SIGNATURE _Andrew Lozano Jr._                    DATE  12/31/76 DP
PERMANENT ADDRESS _2466   So   3rd  St.  P. Azn_         1/5/77

CAVEAT—THIS NOTE SHALL BE EXECUTED WITHOUT SECURITY AND WITHOUT ENDORSEMENT EXCEPT THAT, IF THE MAKER IS A MINOR AND THIS NOTE WOULD NOT, UNDER STATE LAW CREATE A BINDING OBLIGATION, ENDORSEMENT MAY BE REQUIRED. THE BORROWER ACKNOWLEDGES RECEIPT OF AN EXACT COPY OF THIS NOTE.
OFFICE COPY

DSS-F443; 7443/032